UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORLANDO R. WILLIS-BEY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 02-0418 (PLF) |
| D.C. DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM OPINION

In this action for a writ of habeas corpus, petitioner, a District of Columbia parolee, questions "why [he] is still serving an 8-24 year sentence" imposed in 1973. Petition ("Pet.") at 1. Upon consideration of the government's opposition [Dkt. No. 27], petitioner's reply [Dkt. No. 30] and the entire record, the Court finds that the petition presents no basis for issuing the writ. It therefore will deny the petition and dismiss the case.

I. BACKGROUND

In February 1973, while on parole for a District of Columbia sentence imposed in 1970 under the Federal Youth Corrections Act, petitioner was arrested in the District of Columbia and charged with armed robbery. While out on bond, petitioner "became a fugitive from justice." Pet. at 5. He was arrested in North Carolina in May 1973 and was subsequently charged with two counts of armed robbery. On June 3, 1973, petitioner was transported to the District of Columbia pursuant to the Superior Court's issuance of a writ of

habeas corpus ad prosequendum.[1]  In September 1973, petitioner was convicted in the Superior Court of the District of Columbia for armed robbery and assault with a deadly weapon. He was sentenced on December 7, 1973 to an aggregate term of 8 to 24 years' imprisonment.

Meanwhile, in November 1973, "while enroute (sic) to the D.C. Superior Court, Petitioner was allegedly involved in an escape attempt and later charged [in the United States District Court] in Alexandria, Virginia." Pet. at 5.  On February 15, 1974, petitioner was sentenced in the Eastern District of Virginia to an aggregate term of 20 years' imprisonment for escape, assault on a correctional officer, carrying firearms during the commission of a felony and transporting stolen firearms.  This sentence was ordered to run consecutively to the District of Columbia sentence.

Pursuant to a writ of habeas corpus ad prosequendum issued by the North Carolina court, petitioner was transported in May 1974 to answer the North Carolina charges. On January 6, 1975, the Superior Court of Mecklenburg County, North Carolina, sentenced petitioner to a term of 24 to 28 years' imprisonment for two counts of armed robbery.  On January 27, 1975, the federal authorities lodged detainers against petitioner with the North Carolina authorities based on the sentences imposed by the D.C. Superior Court and the Eastern District of Virginia that petitioner had yet to complete.  Petitioner served the North Carolina sentence and was granted parole on May 16, 1986.  He was returned to the District of Columbia to resume his service of the District of Columbia sentence.

---

[1] See Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) (the writ of habeas corpus ad prosequendum is "long [] recognized as the normal means by which federal courts [and the District of Columbia Superior Court] obtain custody of an accused when he is in the custody of another jurisdiction.").

The District of Columbia paroling authority released petitioner to parole on April 7, 1994, revoked his parole on December 23, 1994, re-released him to parole on April 6, 1995, and revoked that parole on April 19, 1996.  On September 3, 1996, the Superior Court sentenced petitioner to a term of 20 to 60 months' imprisonment for carrying a pistol without a license, possession of an unregistered firearm and unlawful possession of ammunition, and ordered the sentence to run consecutively to petitioner's original sentences. Petitioner was paroled again on January 4, 2004, and was revoked again on June 2, 2005. On April 7, 2006, petitioner was released to his current  parole.[2]  He is to remain under parole supervision until April 24, 2020.

Petitioner initiated this action in March 2002.  In October 2002, the Court granted the United States' motion to transfer the case to the United States District Court for the District of South Carolina where personal jurisdiction could be exercised over petitioner's warden at the Federal Correctional Institution in Edgefield, South Carolina.  See Order (Oct. 11, 2002) [Dkt. No. 13].  In October 2004, the District of South Carolina returned the case upon petitioner's release to parole in the District of Columbia.  But before any action could be taken here, petitioner was re-incarcerated in South Carolina.  This Court therefore transferred the case again to the District of South Carolina in part because a magistrate judge of that court had previously addressed the merits of the petition.  See Order (Dec. 15, 2005) [Dkt. No. 16]. Upon petitioner's notice that he now was residing in the District of Columbia, the District of South Carolina granted petitioner's request to transfer the case here without any mention of the magistrate judge's report and recommendation.  See Order (Mar. 27, 2006) [Dkt. No. 18].

---

[2]   Pursuant to D.C. Code § 24-406(a)), any credit that petitioner had earned toward service of his sentence while on parole was forfeited upon the revocation of his parole.

## II.  DISCUSSION

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner claims that his custody is in violation of the due process clause in two ways.[3] First, he asserts that the District of Columbia "lost jurisdiction" over him when it "failed to retrieve custody over Petitioner for more than eighteen (18) years after 'loaning' [him] to the State of North Carolina." Pet. at 6. He therefore claims that the District of Columbia either waived or forfeited its authority to compel his completion of the District of Columbia sentence. Id. at 7. Second, petitioner asserts that "he is entitled to full credit against the Virginia sentence" for the time that he spent in District of Columbia custody after "the District of Columbia [had] relinquished jurisdiction" over him. Id.

### A.  *The District of Columbia Maintained Its Authority Over Petitioner*

Respondents rightly assert that petitioner's claim of "lost jurisdiction" is without merit. See United States' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Res.' Opp.") at 6-8. As explained by the United States Court of Appeals for the District of Columbia Circuit, "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum[,] he is considered to be 'on loan' to the federal authorities so that

---

[3] As a parolee, petitioner remains in custody for purposes of habeas review. See Qassim v. Bush, 466 F.3d 1073, 1076 (D.C. Cir. 2006) ("[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury. . . .") (quoting Spencer v. Kemna, 523 U.S. 1, 7) (1998)) (brackets and parentheses in original). The due process clause precludes the government from depriving an individual of his liberty without notice and an opportunity to be heard. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner." Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), cert. denied, 441 U.S. 934 (1979). Rather, "a federal sentence remains without punitive operation until the United States obtains custody enabling it and entitling it to enforce the sentence." Id. (citations omitted).

The lodging of a detainer "assure[s] that an inmate subject to an unexpired term of confinement will not be released from custody until the [lodging] jurisdiction . . . has had an opportunity to act . . . by [inter alia] taking the inmate into custody." Moody v. Daggett, 429 U.S. 78, 81, n.2 (1976). A lodged detainer does not invoke due process protections, however, because no liberty interest is yet at stake. Rather, the "execution of the warrant and custody under that warrant [are] the operative event[s] triggering any loss of liberty." Id. at 87 (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). The mere lodging of a detainer "is a matter of comity." Crawford v. Jackson, 589 F.2d at 695. Sovereigns therefore may agree on the order in which a sentence is served without running afoul of the due process clause. See Millard v. Roach, 631 A.2d 1217, 1224 (D.C. 1993) ("It is well established that the first sovereign to acquire jurisdiction can by agreement surrender its prisoner to the second sovereign for prosecution and for execution of sentence.") (citing Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980)); Bullock v. State of Mississippi, 404 F.2d 75, 76 (5th Cir. 1968)); accord Floyd v. Henderson, 456 F.2d 1117, 1119 (5th Cir. 1972) ("[T]he question of jurisdiction and custody over a prisoner is one of comity between governments and not a personal right of the prisoner.").

Petitioner's claim that the District of Columbia either waived, forfeited or abandoned its right to enforce its sentence is belied by the District of Columbia's lodging of a

detainer with the North Carolina authorities within 20 days of the sentenced imposed there and petitioner's uninterrupted service of that sentence.  The Court therefore finds no basis for issuing the writ on this claim.

### B.  The Claim for Credit Toward the Virginia Sentence is Moot

Petitioner maintains that "he is entitled to full credit against the Virginia sentence" but predicates this argument on the foregoing abandonment claim.  Petitioner's Motion Opposing the Government's Motion to Dismiss the Pending Writ of Habeas Corpus at 2.  Petitioner does not dispute the United States' documented assertion that he now has received credit for the Virginia sentence.  Specifically, on August 28, 2003, during the course of this litigation, the Bureau of Prisons credited petitioner for time served on the aggregate term of 8 to 44 years, which encompasses the District of Columbia and Virginia sentences.  Res.' Opp. at 3 (citing Ex. F).  In the absence of any contradictory evidence, the Court finds petitioner's claim for credit toward service of his sentence to be moot.

For the reasons stated above, the petition for a writ of <u>habeas corpus</u> is denied.  A separate Order accompanies this Memorandum Opinion.

DATE:  June 27, 2007

/s/_____
PAUL L. FRIEDMAN
United States District Judge